**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No. 16-cr-00277-RM

United States of America,

      Plaintiff,

v.

Bernard Murray,

      Defendant.

---

## JURY INSTRUCTIONS

---

# INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not, and may not, take notes.

**INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts.   But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.   However, you should not read into these instructions, or into anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**INSTRUCTION NO. 3**

If any reference by me or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

# INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence.   Their questions and objections are not evidence.   My legal rulings are not evidence.   And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.   You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said.   These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

# INSTRUCTION NO. 5

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.   One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## INSTRUCTION NO. 6

The government has the burden of proving Mr. Murray guilty beyond a reasonable doubt. The law does not require a defendant to prove that he is not guilty or to produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

## INSTRUCTION NO. 7

In deciding whether the government has proved the guilt of Mr. Murray beyond a reasonable doubt, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

## INSTRUCTION NO. 8

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**INSTRUCTION NO. 9**

You have heard the testimony of Shelby Ransdell, Sarabeth Craft, and William Chavez. You have also heard that, before this trial, she or he made a statement that may be different from her or his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable her or his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating her or his testimony here in court.

**INSTRUCTION NO. 10**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.   You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.

## INSTRUCTION NO. 11

If you find the defendant guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your

verdict.

**INSTRUCTION NO. 12**

The indictment, a copy of which will be provided to you along with these instructions, reads as follows:

**<u>COUNT ONE</u>**

On or about October 27, 2015, at the United States Penitentiary Bureau of Prisons facility, Florence, Colorado, in the State and District of Colorado, BERNARD MURRAY, did knowingly forcibly assault, resist, oppose, impede, intimidate and interfere with the victim, M.B., an officer and employee of the Federal Bureau of Prisons, an agency of a branch of the United States government, as designated in Title 18, United States Code, Section 1114, while the victim was engaged in and on account of the performance of official duties and such acts involved physical contact with the victim.

In violation of Title 18, United States Code, Sections 111(a)(1).

**INSTRUCTION NO. 13**

You will notice that the indictment charges that the crime was committed on or about a certain date. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near the date charged in the indictment.

## INSTRUCTION NO. 14

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

## INSTRUCTION NO. 15

As I have previously told you, the indictment is not evidence of any kind against Mr. Murray.   He is presumed to be not guilty of the crime charged. And I remind you again, Mr. Murray has pleaded and he maintains that he is "not guilty" and, therefore, denies that he is guilty of the charge.

## INSTRUCTION NO. 16

The indictment is based upon a federal statute known as known as Title 18, United States Code, Section 111(a)(1). This statute provides in pertinent part as follows:

(a) Whoever --

(1) forcibly assaults … any person designated in section 1114 of this title while engaged in or on account of the performance of official duties … where such act(s) involve(s) physical contact with the victim of that assault …

commits an offense against the United States.

# INSTRUCTION NO. 17

In order for the defendant to be found guilty of the offense charged in Count One of the indictment, you must be convinced that the government has proved each of the following four (4) elements beyond a reasonable doubt:

*First*: the defendant forcibly assaulted the individual referred to in the indictment as "M.B.";

*Second*: "M.B." was a person designated in 18 U.S.C. §1114 who was, at the time of the assault, engaged in the performance of her official duties;

*Third*: the defendant did such act intentionally; and,

*Fourth*: such act involved physical contact with "M.B.".

The term "forcibly assaulted" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm, whether or not the threat or attempt is actually carried out or whether or not the victim is injured.

Persons designated in 18 U.S.C. §1114 are any of the following: (i) an officer of the United States or of any agency in any branch of the United States government, (ii) an employee of the United States or of any agency in any branch of the United States government, or (iii) any person assisting such an officer or employee in the performance of the officer's or employee's official duties.

It is not necessary to show that the defendant knew the person forcibly assaulted was, at that time, such an officer, employee or person assisting as described immediately above, so long as

it is established beyond a reasonable doubt that the person forcibly assaulted was, in fact, such an officer, employee or person assisting, acting in the course of her duty and that the defendant intentionally forcibly assaulted that officer, employee, or person assisting.

A person is "engaged in the performance of her official duties" if she is acting within the scope of what she is employed to do, rather than engaging in a personal frolic of her own.

# INSTRUCTION NO. 18

In a moment the court security officer will escort you to the jury room where each of you will be provided with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a presiding juror who will help to guide your deliberations and will speak for you here in the courtroom.

To reach a verdict, whether it is not guilty or guilty, as I have told you before, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. You must decide whether the government has proved Mr. Murray to be guilty of the crime charged beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The presiding juror will write the unanimous answer of the jury in the space provided for each count in the indictment, either not guilty or guilty. At the conclusion of your deliberations, the presiding juror should date and sign the verdict.

If you need to communicate with me during your deliberations, the presiding juror should write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to respond to your message.   Under no circumstances should you reveal to me the numerical division of the jury.

You will note from the oath to be taken by the court security officer, that he/she too, as well as all other persons, are forbidden to communicate in any manner with any member of the jury on any subject touching on this case.

Although you will now go to the jury room, please wait until the exhibits, instructions, indictment and verdict form have been brought back to you before beginning your deliberations. And with that, members of the jury please retire to the jury room.